_____
Honorable Gary Spraker
United States Bankruptcy Judge



Entered on Docket
September 22, 2022

_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DOUBLE JUMP, INC.,<br><br>         Debtor(s). | Lead Case No.: BK-19-50102-gs<br>Chapter 7<br><br>Substantively Consolidated With:<br><br>\| 19-50130-gs \| DC Solar Solutions, Inc. \|<br>\| 19-50131-gs \| DC Solar Distribution, Inc. \|<br>\| 19-50135-gs \| DC Solar Freedom, Inc. \| |
| Affects:<br> X  DC Solar Solutions, Inc.<br> X  DC Solar Distribution, Inc.<br> X  DC Solar Freedom, Inc.<br> X  Double Jump, Inc. | |
| CHRISTINA W. LOVATO,<br><br>         Plaintiff(s),<br><br>    v.<br><br>NIXON PEABODY LLP,<br><br>         Defendant(s). | Adv. Proc. No. 21-05072-gs<br><br>Hearing Date<br>Date:    June 3, 2022<br>Time:    9:30 a.m. |

1

## MEMORANDUM DECISION ON DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

On January 28, 2022, the defendant in this proceeding, Nixon Peabody LLC (Nixon), filed its Motion to Dismiss Counts I-IV and VIII of the Complaint (Adv. ECF No. 43) (Motion to Dismiss). Concurrently with the Motion to Dismiss, Defendant filed its request for judicial notice in support of the Motion to Dismiss (Adv. ECF No. 44) (RJN). Plaintiff and chapter 7 trustee Christina Lovato (Trustee) filed her opposition to the RJN (Adv. ECF No. 85) (Opposition), arguing that Nixon's requests for judicial notice are procedurally and legally improper. For the reasons stated below, this court will enter an order denying the RJN.

### Facts

Beginning in 2010, the above-captioned debtors began building, selling, and leasing mobile solar generators. The Trustee alleges that the debtors' founder and executive Jeff Carpoff used the debtors to perpetrate a Ponzi scheme. As a result, federal law enforcement raided the debtors' California headquarters on December 18, 2018. The Trustee contends that after the raid, the debtors were accused of operating a Ponzi scheme. Ultimately, the debtors filed for bankruptcy between January 31, 2019 and February 5, 2019.

Pre-petition, Nixon provided legal advice on tax issues to debtors DC Solar Solutions, Inc. (Solutions) and DC Solar Distribution, Inc. (Distribution), as well as to non-debtors Solarmore Investment Services, Inc., Solarmore Management Services, Inc. and Halo Management Services, LLC. On October 25, 2021, the Trustee commenced this proceeding against Nixon. The Trustee's allegations are rooted in the pre-petition tax advice Nixon provided to Solutions and Distribution from 2010 to 2018. The Trustee's detailed complaint (Complaint) alleges causes of action for: (I) professional malpractice; (II) breach of fiduciary duty; (III) aiding and abetting breach of fiduciary duty; (IV) co-conspirator to breach of fiduciary duty; (V) constructive fraudulent transfer and (VI and VII) avoidance of fraudulent transfers, seeking to recover legal fees paid to Nixon; and (VIII) disallowance of Nixon's proof of claim.

Nixon responded to the Trustee's Complaint with, among other motions and requests, the Motion to Dismiss. Nixon's RJN filed in support of the Motion to Dismiss asks the court to take

2

judicial notice under Fed. R. Evid. 201 of identified excerpts from: (1) the court's order on the Trustee's motion to consolidate filed in the main case (Case No. 19-50102, ECF No. 2613) (Consolidation Order); (2) the District Court plea agreements entered by Jeff and Paulette Carpoff (Case No. 19-50102, ECF Nos. 2326-1 and 2326-2); (3) the transcript from the February 16, 2021 oral argument on the Trustee's motion to consolidate (Case No. 19-50102, ECF No. 2937); and (4) the November 12, 2020 declaration of Seth Freeman (Case No. 19-50102, ECF No. 2325). Nixon also requests that one of its tax opinion letters be incorporated into the Complaint by reference.

In her Opposition, the Trustee contends that the incorporation by reference doctrine is unavailable to Nixon at this stage of the proceeding, because incorporating Nixon's tax opinion letter into the Complaint "would dispute the Trustee's well-plead allegations" which are "central to the Trustee's theory of the case." Opposition at p. 4:9-11. Further, the Trustee argues that Nixon cannot select just certain facts from documents for judicial notice, but rather all the facts in the subject documents must be judicially noticed in order to provide the appropriate context.

On June 3, 2022, the court held hearings on the Motion to Dismiss and the RJN. At the close of argument, the court took the Motion to Dismiss and RJN under advisement.

## Analysis

In the context of a motion to dismiss under Rule 12(b)(6), "[a]s a general rule, a district court may not consider any material beyond the pleadings…." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) [internal quotation omitted]. If the court does consider material beyond the pleadings, the court must "convert the 12(b)(6) motion into a Rule 56 motion for summary judgment," *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003), and the nonmoving party must be given an opportunity to respond. "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908. The Ninth Circuit has cautioned that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint

3

risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Nixon requests two forms of relief in its RJN: that the court take judicial notice of certain facts contained in documents filed in the underlying bankruptcy case; and that the court incorporate by reference into the complaint one of Nixon's pre-petition tax opinion letters. The court will address each request in turn.

### A. Judicial Notice

A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). It is well-established that "[a] bankruptcy court has the inherent authority to take judicial notice of or otherwise consider entries on its own docket." *In re Campbell*, 500 B.R. 56, 59 n.7 (Bankr. D.N.M. 2013) (citing *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 (1st Cir. 1999)); *see also Dunlap v. Neven*, 2014 WL 3000133, at *5 (D. Nev. June 30, 2014) (citing *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006)) ("Courts routinely take judicial notice of their own court records."). Courts may also take judicial notice of other courts' docket entries. *See In re Blas*, 614 B.R. 334, 340 (Bankr. D. Alaska 2019), *aff'd sub nom. Blas v. Bank of Am. N.A.*, 2020 WL 10319361 (D. Alaska Aug. 17, 2020) (citing *Strand v. Clark (In re Clark),* 2012 WL 1911926, at *1 n.4 (B.A.P. 9th Cir. May 25, 2012)) ("This court may take judicial notice of the dockets of other courts."). However, "[o]n a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Lee*, 250 F.3d at 690 (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426–27 (3rd Cir.1999)). Moreover, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999.

The facts identified by Nixon in the RJN are excerpted from the Consolidation Order and documents filed in support of the Trustee's efforts to consolidate the debtors' cases. The Trustee does not contend that the facts themselves are subject to reasonable dispute, nor that their authenticity or accuracy is questionable. Instead, the Trustee contends that Nixon's identification of discrete portions of the documents from the underlying lead bankruptcy case constitutes impermissible "cherry-picking" that is "deceptive, misleading and prohibitive." Opposition at p. 2:28. The court does not concur. "[A] proper request for judicial notice includes identification of specific facts the court is requested to notice as true." *Segura v. Felker*, 2010 WL 5313770, at *1 n.1 (E.D. Cal. Dec. 20, 2010), *aff'd sub nom. Segura v. McGuire*, 474 F. App'x 608 (9th Cir. 2012); *see also Patterson v. Spearman*, 2019 WL 2577219, at *1 (E.D. Cal. June 24, 2019) (denying request for judicial notice because "the Court does not judicially notice documents, the Court judicially notices facts and Plaintiff has not identified facts which he thinks should be judicially noticed let alone facts which can be judicially noticed pursuant to Federal Rule of Evidence 201."); *Tate v. Univ. Med. Ctr. of S. Nevada*, 2016 WL 7045711, at *8 (D. Nev. Dec. 2, 2016), *aff'd sub nom. Tate v. Univ. Med. Ctr.*, 773 F. App'x 405 (9th Cir. 2019) (denying plaintiff's request for judicial notice where the plaintiff requested the court take judicial notice of a document, but failed to identify what fact or facts in that document that he wanted the court to take judicial notice of). Nixon's identification of the precise facts for which it requests judicial notice is in accordance with established procedure for such requests.

The Trustee also argues in the Opposition that "Nixon seeks to turn application of its affirmative defense into a one-sided summary judgment proceeding." Opposition at p. 85:1-2. The United States District Court for the Northern District of California recognized such a circumstance in *Rollins v. Dignity Health*, 338 F.Supp.3d 1025 (N.D. Cal. 2018). There, the District Court denied a request for judicial notice where the requesting parties "repeatedly do what *Khoja* forbids – ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint." *Id.* at 1031. The *Rollins* court held that where a party is seeking judicial notice to factually rebut the allegations in the complaint,

5

granting judicial notice would "improperly convert [the] Rule 12(b)(6) motion into a motion for summary judgment under Rule 56." *Id.*

The Trustee's argument has merit. Like the defendants in *Rollins*, Nixon does not ask the court to take judicial notice of the identified facts to explain or illustrate the allegations in the Complaint. Instead, the facts at issue in the RJN have been selected because Nixon contends they refute or call into question allegations in the Complaint regarding ownership and management of the debtors. In its Reply, Nixon makes plain its intent in seeking judicial notice: "The Trustee decided to withhold relevant facts regarding the ownership and control of DC Solar; she must contend with her own judicial admissions and noticeable facts now." Reply at p. 16:7-8.

Taking judicial notice of the facts requested by Nixon at the pleading stage is precisely what the Ninth Circuit cautioned against in *Khoja*. The court declines to convert the motion to dismiss to a motion for summary judgment under Rule 56. Because Nixon seeks judicial notice at the pleading stage in an effort to rebut the factual allegations regarding ownership and management of the debtors set forth in the Complaint, the RJN must be denied.

**B. Incorporation by Reference**

Contrary to rule-based judicial notice, "incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. If, in the complaint, a plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim," that document may be incorporated by reference into the complaint even if it is not actually attached. *Ritchie*, 342 F.3d at 908. The doctrine "allows a court to 'treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Loomis v. Slendertone Distribution, Inc.*, 420 F. Supp. 3d 1046, 1063 (S.D. Cal. 2019) (quoting *Ritchie*, 342 F.3d at 908). Accordingly, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

Nixon seeks to incorporate by reference one of its pre-petition tax opinion letters. In the Reply, Nixon states that it "only seeks judicial notice of the legal significance of the document as a whole and the existence of other statements beyond the Trustee's choice quotations." Reply at p. 14:25-27. However, as stated above, the incorporation-by-reference doctrine extends far beyond Nixon's stated intent, permitting this court to *assume* that the contents of the incorporated document are true. Such an assumption would be misplaced in this instance, since the Trustee disputes the accuracy of the tax opinion letter. *See* Transcript of June 3, 2022 Hearing, Adv. ECF No. 105 at pp. 79:23-80:2. Moreover, at oral argument Nixon's counsel expressed doubt as to the tax opinion letter's relevance to the Motion to Dismiss. *See id.* at p. 78:3-6. Nixon's admission that the tax opinion letter may not be material to the Motion to Dismiss, together with the letter's disputed contents and Nixon's stated limited purpose for requesting incorporation, persuade the court that incorporation of the tax opinion letter into the Complaint by reference is inappropriate at this time.

## Conclusion

For the reasons stated above, Nixon's request for this court to consider facts and documents outside the Complaint would improperly convert its Motion to Dismiss to a motion for summary judgment under Rule 56(d). Additionally, the application of the incorporation-by-reference doctrine is inappropriate where the truth of the matters asserted in the document to be incorporated are in dispute. Accordingly, the court will enter an order denying the RJN.

IT IS SO ORDERED.

* * * * *

Copy sent to all parties and/or their counsel via CM/ECF Electronic Notice.

Copy sent via BNC to:

BAILEY W. HEAPS on behalf of Defendant NIXON PEABODY LLP
633 BATTERY STREET
SAN FRANCISCO, CA 94111

ELLIOT R. PETERS on behalf of Defendant NIXON PEABODY LLP
KEKER, VAN NEST & PETERS LLP
633 BATTERY STREET
SAN FRANCISCO, CA 94111

BENJAMIN D. ROTHSTEIN on behalf of Defendant NIXON PEABODY LLP
633 BATTERY STREET
SAN FRANCISCO, CA 94111

DEEVA SHAH on behalf of Defendant NIXON PEABODY LLP
633 BATTERY STREET
SAN FRANCISCO, CA 94111

CHRISTINE ZALESKI on behalf of Defendant NIXON PEABODY LLP
633 BATTERY STREET
SAN FRANCISCO, CA 94111

# # #