

Honorable Gary Spraker
United States Bankruptcy Judge

Entered on Docket
January 18, 2023

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:

DOUBLE JUMP, INC.,

Debtor(s).

Lead Case No.: 19-50102-gs
Chapter 7

Substantively Consolidated With:

| | |
|---|---|
| 19-50130-gs | DC Solar Solutions, Inc. |
| 19-50131-gs | DC Solar Distribution, Inc. |
| 19-50135-gs | DC Solar Freedom, Inc. |

Affects:
_X_ DC Solar Solutions, Inc.
_X_ DC Solar Distribution, Inc.
_X_ DC Solar Freedom, Inc.
_X_ Double Jump, Inc.

CHRISTINA W. LOVATO,

Plaintiff(s),

v.

NIXON PEABODY LLP,

Defendant(s).

Adv. Proc. No.: 21-05072-gs

Hearing Date
Date: December 19, 2022
Time: 1:30 p.m.

**ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND**

On December 19, 2022, the court held a hearing on the plaintiff's Motion to Alter or Amend this Court's Orders at ECF Nos. 118 and 119 and in the Alternative for Clarification (Adv. ECF No. 124) (Motion). Appearances were as noted on the record. At the conclusion of argument, the court gave its tentative decision on the record. The court now memorializes its decision in final form as follows. Having considered the briefing and oral argument, the court finds no manifest error to alter or amend its prior order and denies the Motion.

"A 'motion to reconsider' does not exist under the [Fed. R. Bankr. P.] and, when so asserted, it is treated as a motion under Fed. R. Civ. P. 59(e) made applicable by Fed. R. Bankr. P. 9023." *Wallace v. Hayes (In re Wallace)*, 2013 WL 782721, at *2 (Bankr. D. Idaho Feb. 27, 2013), *citing Hanson v. Finn (In re Curry and Sorenson)*, 57 B.R. 824, 826-27 (B.A.P. 9th Cir. 1986). "A motion for reconsideration filed within 14 days of the underlying order is treated as a motion to alter or amend a judgment under Civil Rule 59(e) and tolls the time within which to file a notice of appeal of the underlying order until the order on reconsideration is entered." *Fadel v. DCB United LLC (In re Fadel)*, 492 B.R. 1, 18 (B.A.P. 9th Cir. 2013). "Since specific grounds for a motion to amend or alter [a judgment] are not listed in [Fed. R. Civ. P. 59(e)], the [trial] court enjoys considerable discretion in granting or denying" a motion under Fed. R. Civ. P. 59(e). *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999) (citations omitted). The Ninth Circuit has instructed that "altering or amending a judgment under Rule 59(e) is an 'extraordinary remedy' usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th Cir. 2016), *citing Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Plaintiff and chapter 7 trustee Christina Lovato (Trustee) seeks to amend or alter the court's orders denying the Trustee's motion to strike defendant Nixon Peabody LLP's (Nixon) jury trial demand, to correct what she believes are manifest errors of fact and law.

The Trustee contends that the United States Supreme Court's decision in *Wellness Intern. Network, Ltd. v. Sharif,* 575 U.S. 665, 682 (2015) compels the conclusion that Nixon's filing of its proof of claim constitutes its knowing and voluntary consent to this court's issuance of final decisions on the Trustee's state law causes of action (malpractice, breach of fiduciary duty, aiding and abetting, and conspiracy). *Wellness* held that a party may knowingly and voluntarily consent to a bankruptcy court's issuance of final decisions on Article III claims, and may do so directly or implicitly. *Wellness*, 575 U.S. at 685. The creditor in *Wellness* "objected to the

discharge of [the debtor's] debts," and sought declaratory judgment that a trust was the alter ego of the debtor "and that its assets should therefore be treated as part of [the debtor's] bankruptcy estate." *Id.* at 672. When the debtor failed to comply with discovery requests or the subsequent order compelling discovery, the bankruptcy court entered a default judgment. On appeal, the debtor eventually challenged the bankruptcy court's constitutional authority to enter final judgment under *Stern v. Marshall*, 564 U.S. 462 (2011). The Supreme Court distinguished *Stern* by noting that though the creditor had filed a proof of claim it did not consent to entry of final judgment on the counterclaim. *Wellness*, 575 U.S. at 681-82. It then held that express consent to entry of final judgment was not required. *Id.* at 683.

The Trustee bases her consent argument on Nixon's proof of claim. It is well established that a creditor consents to entry of final judgment or orders by filing a proof of claim and all matters that are *necessarily* resolved through the claim allowance process. *Langenkamp v. Culp*, 498 U.S. 42 (1990); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 57-58 (1989); *Katchen v. Landy,* 382 U.S. 323 (1966). But *Stern* compels bankruptcy courts to examine what is truly necessary to the claims allowance process and what may be merely related. *Stern* instructs courts to be cautious when evaluating the scope of consent to entry of final judgment premised on the filing of a proof of claim precisely because creditors have nowhere else to go to recover their claims. *Stern*, 564 U.S. at 493. This is why the Supreme Court stated, "*Granfinanciera*'s distinction between actions that seek 'to augment the bankruptcy estate' and those that seek 'a pro rata share of the bankruptcy res,'…reaffirms that Congress may not bypass Article III simply because a proceeding may have *some* bearing on a bankruptcy case; the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Id*. at 499 (quoting *Granfinanciera,* 492 U.S. at 56) [emphasis in original].

In short, the Trustee contends that because the estate's affirmative claims against Nixon may be used to defeat or offset the prepetition attorney fees the debtors owe, such claims are necessarily resolved in the claims allowance process. Yet, *Stern* presented a similar situation. The creditor filed a defamation claim against the debtor. In defense, the debtor asserted that

contested statements were true and that the creditor had tortiously interfered with her expected inheritance. *Id.* at 470. Though both the creditor's proof of claim and the debtor's counterclaim against the creditor arose from the same activity, "Pierce's claim for defamation in no way affects the nature of Vickie's counterclaim for tortious interference as one at common law that simply attempts to augment the bankruptcy estate—the very type of claim that we held in *Northern Pipeline* and *Granfinanciera* must be decided by an Article III court." *Id*. at 495.

Like the debtor's claim in *Stern*, the Trustee's claims against Nixon seek not only to eliminate Nixon's claims against the estate but to augment the estate. The Trustee through her complaint seeks nearly $3,000,000 in compensatory damages plus punitive damages. Nixon's proof of claim sought just over $111,000. As noted in the memorandum decision on the Trustee's motion to strike Nixon's jury trial demand, "the issues raised by Nixon's proof of claim only overlap with those raised in the Complaint, such that the Trustee's claims would not necessarily be entirely resolved by the claims resolution process." Adv. ECF No. 118, at p. 10. Like the defendant in *Stern*, Nixon's filing of its proof of claim in the debtor's bankruptcy court proceeding did not constitute knowing and voluntary implied consent to the bankruptcy court's adjudication of the estate's prepetition state law causes of action, because Nixon had nowhere else to go if it wanted compensation for its unpaid invoices.

For these reasons,

IT IS HEREBY ORDERED that the Motion to Alter or Amend this Court's Orders at ECF Nos. 118 and 119 and in the Alternative for Clarification (Adv. ECF No. 124) is DENIED.

IT IS SO ORDERED.

* * * * *

Copy sent to all parties and/or their counsel via CM/ECF Electronic Notice.

Copy sent via BNC to:
ELLIOT R. PETERS
KEKER, VAN NEST & PETERS LLP
633 BATTERY STREET
SAN FRANCISCO, CA 94111

# # #